UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__9/18/14
```

------------------------------------------------------------X
                                        :

OTIS BELL,                                  :

                          Plaintiff,   :

                                  :         12 Civ. 9198 (LGS)

             -against-          :

                                  :        OPINION AND ORDER

COUNTY OF WESTCHESTER,        :

                        Defendant.  :

                                  :

------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      While in the custody of the Westchester County Department of Corrections ("WCDOC")

as a pre-trial detainee in 2012, Plaintiff Otis Bell stepped in a poorly maintained shower drain and

injured himself.  Plaintiff then brought this action pursuant to 42 U.S.C. § 1983 against

Defendant County of Westchester (the "County") for violating his constitutional rights.

Defendant moves for summary judgment dismissing Plaintiff's Complaint in its entirety.  For the

reasons discussed below, Defendant's motion is granted.

I.      **Background**

      **A.  Factual Background**

      The facts are taken from Defendant's Statement and Plaintiff's Counterstatement pursuant

to Local Rule 56.1.  As required on a motion for summary judgment, the facts are construed in

the light most favorable to Plaintiff, the non-moving party.

      From May 15, 2012, through April 16, 2013, Plaintiff was in the custody of WCDOC as a

pre-trial detainee.  On November 15, 2012, at approximately 7:30 p.m., Plaintiff was showering

at the jail when he stepped away from the shower stream to soap himself.  While washing his

head, some soap entered Plaintiff's eyes and temporarily blinded him.  With his eyes closed,

Plaintiff took several steps in an attempt to locate the shower stream so that he could wash the

soap out of his eyes.  As Plaintiff tried to find the shower, his right foot stepped into a recessed drain.  As a result of stepping into the faulty drain, Plaintiff fell onto the shower floor on his back, and his head struck a plastic chair.

The block officer, who was sitting at his desk outside the shower room, heard Plaintiff's fall and called out asking whether everything was okay.  Plaintiff reported that he had fallen, that his back was in pain and that he had a tingling sensation in his right leg.  Plaintiff then managed to get up, dry and dress himself.  Approximately an hour later, Plaintiff was taken to the medical unit in the jail, where he was given pain medication and admitted for overnight observation.  An x-ray was eventually performed.  The Second Amended Complaint alleges that the x-ray revealed that two discs on Plaintiff's lower back had shifted.  No evidence in the record substantiates this allegation.  Plaintiff took pain medication and was treated by a chiropractor and/or other medical professionals approximately two to three times a week while at the WCDOC.

A work order dated November 15, 2012, the day of Plaintiff's fall, identified the shower drain Plaintiff fell into and two other drains as needing repair because "tiles are [b]reaking apart." On November 17, 2012, Plaintiff filed a grievance requesting that the shower drain be fixed.  The resulting investigation report characterized the shower drain Plaintiff stepped in as "substantially larger" than the adjacent drain due to erosion, "possibly creating a hazardous condition."

Plaintiff's grievance submission after his fall is the first recorded complaint in the record about the disrepair of the shower, and the record contains no evidence of how long the drain had been enlarged.

Finally, WCDOC correction officers and supervisors are required to conduct a security safety inspection, which includes the shower, at the beginning of each tour of duty.  If they find any defects, they are required to submit a work order.

2

II.    **Sole Defendant**

Defendant brings this motion for summary judgment on behalf of the County.  Plaintiff purports to respond to the motion on behalf of "defendants."  However, there is only one defendant in this case, and the remainder of this opinion considers only claims against that defendant.

Under the Federal Rules, "[t]he title of the complaint must name all the parties."  Fed. R. Civ. P. 10(a).  "The caption alone, however, 'is normally not determinative of the identity of the parties or of the pleader's statement of claim.' . . . Rather, '[t]he caption, pleadings, service of process and other indications of the intent of the pleader, are evidence upon which a district court will decide, in cases of doubt, whether an entity has properly been made a party to a lawsuit.'" *Cooper v. Trs. of Coll. of Holy Cross*, No. 13 Civ. 8064, 2014 WL 2738545, at *6 (S.D.N.Y. June 17, 2014) (quoting *E.E.O.C. v. Int'l Ass'n of Bridge, Structural, & Ornamental Ironworkers, Local 580*, 139 F. Supp. 2d 512, 525 (S.D.N.Y. 2001)).

Plaintiff filed his initial complaint in this action pro se in December 2012, naming the Commissioner of WCDOC, Kevin Cheverko, and WCDOC as defendants.  On March 1, 2013, Plaintiff was ordered to file an amended complaint if he wished to pursue the action because the initial complaint failed to allege any constitutional violation, and failed to allege that either Commissioner Cheverko or WCDOC could be held responsible.  Plaintiff then filed an amended complaint on March 22, 2013, naming only the County as defendant.  Counsel appeared for Plaintiff and in a letter dated June 14, 2013, committed to serve the County, which had not yet been served.  With the Court's permission, Plaintiff, now represented, filed a second amended complaint on October 8, 2013.  The Second Amended Complaint, which is the operative complaint in this case, named only the County as a defendant in the caption, but under the

3

heading "Parties" also described Commissioner Cheverko and WCDOC as defendants.  However, neither Cheverko nor WCDOC has ever been served.  They are not parties to this action.

## III.   Legal Standard

The standard for summary judgment is well established.  Summary judgment is appropriate where the record before the Court establishes that there is no "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).   The Court must construe the evidence in the light most favorable to the nonmoving party and must draw all reasonable inferences in the nonmoving party's favor.  *See id.* at 255.

## IV.   Discussion

Plaintiff's only claim in this § 1983 action is that the County failed to maintain constitutionally adequate living conditions because the faulty shower drain that Plaintiff stepped in constituted a hazardous condition.  "Establishing the liability of the municipality requires a showing that the plaintiff suffered a tort in violation of federal law committed by the municipal actors and, in addition, that their commission of the tort resulted from a custom or policy of the municipality."  *Askins v. Doe No. 1*, 727 F.3d 248, 253 (2d Cir. 2013).  Because no reasonable jury could conclude based on the record before the Court that Plaintiff's injuries resulted from a municipal policy or custom, the County is entitled to summary judgment.  This decision, therefore, does not address the antecedent question of whether Plaintiff's injuries were caused in violation of the Constitution or federal law.

### A.  *Monell* Standard

Section 1983 provides in relevant part:

4

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.  In *Monell v. Department of Social Services*, the Supreme Court held that a plaintiff could bring suit against a local government or municipality such as Defendant County under Section 1983 if the injury complained of resulted from the "execution of a government's policy or custom, . . . [which] may fairly be said to represent official policy."  436 U.S. 658, 694 (1978).  "Absent such a custom, policy, or usage, a municipality cannot be held liable on a *respondeat superior* basis for the tort of its employee."  *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012).  Thus, "isolated acts . . . by non-policymaking municipal employees are generally not sufficient" to establish municipal liability.  *Id.* at 81 (citing *Villante v. Dep't of Corr.*, 786 F.2d 516, 519 (2d Cir. 1986)).

For purposes of *Monell* liability, the municipal policy or custom "may be pronounced or tacit and reflected in either action or inaction."  *Cash v. County of Erie*, 654 F.3d 324, 334 (2d Cir. 2011).  "[W]here a policymaking official exhibits deliberate indifference to constitutional deprivations caused by subordinates, such that the official's inaction constitutes a 'deliberate choice,' that acquiescence may 'be properly thought of as a city policy or custom that is actionable under § 1983.'"  *Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 126 (2d Cir. 2004) (Sotomayor, J.) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)) (internal quotation marks omitted).

Deliberate indifference, however, "is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action."  *Connick v. Thompson*, 131 S. Ct. 1350, 1360 (2011) (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*,

520 U.S. 397, 410 (1997)).  To demonstrate deliberate indifference, a plaintiff must show that a policymaking official "made a conscious choice, and was not merely negligent." *Jones*, 691 F.3d at 81.  Further, "a single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." *DeCarlo v. Fry*, 141 F.3d 56, 61 (2d Cir. 1998) (quoting *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)).

### B.  Plaintiff's Claim

Plaintiff appears to base his claim on two theories of municipal liability, each of which must fail.

First, Plaintiff argues that municipal liability exists because his injuries were caused as a result of correction officers' failure to follow an established protocol of inspection.  To support this theory, Plaintiff adduces uncontroverted evidence that WCDOC's correction officers, who are non-policymaking employees, are required to undertake a visual inspection of the facilities that they are assigned to and, if required, put in work orders for the defects that they encounter.  The existence of a protocol aimed at ensuring that facilities are well-maintained defeats Plaintiff's claim that his injuries resulted from a municipal policy or custom.  In fact, precisely the opposite is true.  Plaintiff's injuries could have resulted only if the correction officers failed to follow the protocol and acted contrary to the established policy or custom.  This theory of liability fails as a matter of law.  *See, e.g.*, *Ross v. City of New York*, No. 12 Civ. 08545, 2014 WL 3844783, at *9 (S.D.N.Y. Aug. 4, 2014) (finding that a non-policymaking municipal employee's acts in contravention of municipal policy does not establish municipal liability).

Second, Plaintiff argues that municipal liability exists based on deliberate indifference.  No evidence in the record suggests that a municipal actor or policymaking official made a

conscious choice that resulted in the existence of the faulty drain.  Further, while the existence of multiple violations may evince a municipal policy or custom on the theory of deliberate indifference, *see, e.g.*, *Ingram v. Steel*, No. 04 Civ. 5918, 2006 WL 2349241, at *4 (S.D.N.Y. Aug. 15, 2006) (denying City of New York's motion to dismiss because "the failure to repair multiple dangerous [prison] conditions could constitute a 'custom or policy' sufficient to establish the City's liability"), a single violation, particularly by a non-policymaking employee, will not suffice.  The record does not contain any evidence, direct or circumstantial, of repeated instances of badly maintained facilities that would suggest a County custom or policy amounting to deliberate indifference.  Instead, Plaintiff offers one instance of a badly maintained facility, the recessed shower drain he stepped into, which cannot be attributed to any policymaking employee. Even in the case of that shower drain, the evidence shows that WCDOC employees placed a work order to fix the drain on the same day Plaintiff fell and in direct response to his grievance complaint, the first recorded complaint about the drain's condition.  In sum, Plaintiff's argument cannot satisfy the "stringent standard" of deliberate indifference for municipal liability.

Finally, Plaintiff appears to suggest that because the existence of a faulty shower drain in the facility where he fell was somehow inconsistent with various building and plumbing codes and the New York City Board of Correction's policies, Plaintiff's injuries can be traced to a County policy or custom.  Without evidence of pervasive and widespread violations that could amount to a County policy, Plaintiff's focus on building, plumbing and other such codes is irrelevant.

Based on the record before this Court, and construing all the facts in Plaintiff's favor, a reasonable jury could not conclude that Plaintiff's injuries resulted from a municipal policy or custom.  Defendant's Motion is therefore granted.

**V.     Conclusion**

For the reasons discussed above, Defendant's Motion for summary judgment dismissing the entirety of Plaintiff's Complaint against the County of Westchester is hereby GRANTED.

The Clerk of Court is directed to close the motion at docket number 39 and to close this case.

SO ORDERED.

Dated: September 18, 2014
          New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**